## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

*FILED*

*2017 AUG 30 PM 4: 02*

*CLERK, US DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
*JACKSONVILLE DISTRICT*

**REBECCA S. GIALLELLA,**

    **Plaintiff,**

vs.

CASE NO.: 3:17-cv-1030-J-39MCR

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC,**
**EQUIFAX INFORMATION SERVICES, LLC, and**
**CREDIT ONE BANK, NA.**

    **Defendants.**

    **DEMAND FOR JURY TRIAL**

_____/

### COMPLAINT

COMES NOW Plaintiff, REBECCA S. GIALLELLA, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter EXPERIAN), TRANS UNION, LLC. (hereinafter TRANSUNION), EQUIFAX INFORMATION SERVICES, LLC (hereinafter EQUIFAX) and CREDIT ONE BANK NA (hereinafter "CREDIT ONE") and alleges:

### I. PARTIES

1. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

2. Defendant EXPERIAN is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3. At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling,

evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4.    Defendant TRANSUNION is a Delaware corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

5.    At all times material Defendant TRANSUNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

6.    Defendant EQUIFAX is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

7.    At all times material Defendant EQUIFAX is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

8.    Defendant CREDIT ONE is a national bank with its principal place of business located in Las Vegas, Nevada and is subject to the jurisdiction of this Court. Defendant CREDIT ONE is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

## II. JURISDICTION AND VENUE

9.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15

U.S.C. § 1681 *et seq.*

10.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff

resides here, and Defendants transact business here pursuant to the FCRA, 15 U.S.C. §

1681p and 28 U.S.C. § 1391.

## STATUTORY STRUCTURE OF THE FCRA

11.   Congress enacted the FCRA to require the consumer reporting agencies to adopt

reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer,

with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

information. 15 U.S.C. § 1681b.

12.   Under the FCRA, whenever a consumer reporting agency prepares a consumer

report, it shall follow reasonable procedures to assure maximum accuracy of the

information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b)

(emphasis added).

13.   Under the FCRA, if the completeness or accuracy of any item of information

contained in a consumer's file at a consumer reporting agency is disputed by the consumer,

and the consumer notifies the agency directly of such dispute, the agency shall

reinvestigate—free of charge—and report the current status of the disputed information, or

delete the item from before the end of the 30-day period beginning on the date on which

the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a).

14. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

15. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

16. Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S.C. § 1681s-2(b).

17. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount

of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

18. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## FACTUAL ALLEGATIONS

19. On August, 2016, an unknown third party opened a credit account with CREDIT ONE using Plaintiff's name and identity. The account number for the CREDIT ONE is 444796232374####.

20. Said third party failed to make payments on said account with CREDIT ONE, resulting in an Alleged Debt with CREDIT ONE.

21. Unknown to the Plaintiff, beginning in June 2011, CREDIT ONE began reporting the Alleged Debt as a collection account to EXPERIAN, EQUIFAX and TRANSUNION.

22. To the Plaintiff's shock and great dismay in October 2016, she discovered the CREDIT ONE account on her credit reports. Plaintiff did not currently have an account with CREDIT ONE nor had she ever had an account with CREDIT ONE.

23. Plaintiff contacted CREDIT ONE to investigate and dispute the account, however, CREDIT ONE refused to speak to her regarding the account because she could not corroborate all of the account details.

24. On or about November 8, 2016, Plaintiff submitted a dispute letter (hereinafter "Dispute Letter") via U.S. mail to EXPERIAN, EQUIFAX, and TRANSUNION disputing the

reporting of the CREDIT ONE account.   Please see attached a true and correct copy of the "Dispute Letter" *Exhibit A*.

25.   On or about December 16, 2016, TRANS UNION completed the dispute and sent Plaintiff the attached correspondence.  Please see attached a true and correct copy of TRANS UNION's response letter labeled as *Exhibit B.*

26.   On or about December 7, 2016, EXPERIAN informed Plaintiff that it was processing her dispute and sent her the attached correspondence labeled as *Exhibit C.*

27.   On or about December 23, 2016, EXPERIAN completed the dispute and sent Plaintiff the attached correspondence.  Please see attached a true and correct copy of EXPERIAN'S response letter labeled as *Exhibt D.*

28.   EQUIFAX did not provide Plaintiff with any written response to her Dispute Letter.

29.   After receiving Plaintiff's dispute, EXPERIAN notified CREDIT ONE of Plaintiff's dispute of the Alleged Debt.

30.   After receiving Plaintiff's dispute, EQUIFAX notified CREDIT ONE of Plaintiff's dispute of the Alleged Debt.

31.   After receiving Plaintiff's dispute, TRANSUNION notified CREDIT ONE of Plaintiff's dispute of the Alleged Debt.

32.   Upon information and belief,  CREDIT ONE was informed of this dispute, and CREDIT ONE failed to conduct a reasonable investigation of such, and verified to EXPERIAN, EQUIFAX and TRANSUNION that the disputed information was being reported accurately.

33.   As of the date of this Complaint, EXPERIAN, EQUIFAX and TRANSUNION have continued to improperly report the Alleged Debt.

34. When Plaintiff disputed the account, Defendants EXPERIAN, EQUIFAX and TRANSUNION were required to perform an reinvestigation; however, Defendants EXPERIAN, EQUIFAX and TRANSUNION did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

35. When Plaintiff disputed the account, Defendant CREDIT ONE was required to perform a reinvestigation; however, Defendant CREDIT ONE continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

36. Plaintiff had previously maintained an immaculate credit history and as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion.

37. As a result of Defendants' inacurrate credit reporting of the Debt on Plaintiff's credit reports, Plaintiff's credit score was reduced and she has been unable to obtain financing.

38. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay her attorney a reasonable fee for his services.

39. All necessary conditions precedent to the filing of this action occurred or Defendants waived.

### III. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EXPERIAN
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

40. Plaintiff incorporates Paragraph 1 – 39 above as fully stated herein.

41. Defendant EXPERIAN willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

42. Defendant EXPERIAN willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

43. Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681e (b).

44. Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

45. Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

46. Defendant EXPERIAN negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

47. Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

48. In response to the request for reinvestigation, Defendant EXPERIAN improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

49. Defendant EXPERIAN has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

50. Defendant EXPERIAN's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

51. Defendant EXPERIAN's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant EXPERIAN is liable to compensate Plaintiff for the full

amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

52.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)    For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT TRANSUNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

53.    Plaintiff incorporates Paragraph 1 – 39 above as fully stated herein.

54.    Defendant TRANSUNION willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

55.    Defendant TRANSUNION willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

56.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681e (b).

57.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

58.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

59.   Defendant TRANSUNION negligently and/or willfully failed to properly consider and

give due weight to all relevant information submitted by Plaintiff in the course of the

reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

60.   Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

61.   In response to the request for reinvestigation, Defendant TRANSUNION improperly

verified the trade lines as correct, and refused to remove the inaccurate information, in

violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

62.   Defendant TRANSUNION has negligently and/or willfully failed to conduct a proper

reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n)

and/or 1681(o).

63.   Defendant TRANSUNION's actions in violating the FCRA constituted negligent and/or

willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory

damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or

1681o.

64.   Defendant TRANSUNION's conduct was a direct and proximate cause, as well as a

substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated

herein, and as a result, Defendant TRANSUNION is liable to compensate Plaintiff for the

full amount of statutory and actual damages, along with attorney's fees and costs, as well

as such other relief as permitted by law.

65.     Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff

will seek to amend the Complaint to seek same if discovery shows punitive damages may

be proper.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of

Plaintiff and against Defendant TRANSUNION:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate

information from Plaintiff's credit reports and files and cease reporting the inaccurate

information to any and all persons and entities to whom they report consumer credit

information; and;

f)      For such other and further relief as the Court may deem just and proper.

**COUNT III**
**CLAIMS AGAINST DEFENDANT EQUIFAX**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 _et seq._**

66.     Plaintiff incorporates Paragraph 1 – 39 above as fully stated herein.

67.     Defendant EQUIFAX willfully and/or negligently failed to put in place procedures to

properly reinvestigate consumer claims of inaccuracy in credit reports.

68.     Defendant EQUIFAX willfully and/or negligently refused to properly reinvestigate

Plaintiff's consumer report.

69.     Defendant EQUIFAX willfully and/or negligently violated 15 U.S.C. § 1681e (b).

70.     Defendant EQUIFAX willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

71.   Defendant EQUIFAX willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

72.   Defendant EQUIFAX negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

73.   Defendant EQUIFAX willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

74.   In response to the request for reinvestigation, Defendant EQUIFAX improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

75.   Defendant EQUIFAX has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

76.   Defendant EQUIFAX's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

77.   Defendant EQUIFAX's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant EQUIFAX is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

78.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of

Plaintiff and against Defendant EQUIFAX:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate

information from Plaintiff's credit reports and files and cease reporting the inaccurate

information to any and all persons and entities to whom they report consumer credit

information; and;

f)      For such other and further relief as the Court may deem just and proper.

**COUNT IV**
**CLAIMS AGAINST DEFENDANT CREDIT ONE BANK NA**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 _et seq._**

79.   Plaintiff incorporates Paragraph 1-39 above as if fully stated herein.

80.   Defendant CREDIT ONE has willfully and/or negligently violated the provisions of the

FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-

2(b).

81.   Specifically, CREDIT ONE violated 15 U.S.C. § 1681s-2(b) by failing to conduct a

reasonable investigation of disputed information, by failing to review all relevant

information provided by the consumer reporting agency, by failing to review Plaintiff's

prior dispute letters and its own entire file as part of such investigation, by failing to

accurately communicate the results of its investigation to the consumer reporting

13

agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.]

82.  Further, CREDIT ONE violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccuracy, obsolete and/or incomplete.

83.  Following the reinvestigation and dispatch of direct notice to CREDIT ONE, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

84.  CREDIT ONE's reinvestigation was not conducted in good faith.

85.  CREDIT ONE's reinvestigation was not conducted reasonably.

86.  CREDIT ONE's reinvestigation was not conducted using all information reasonably available to CREDIT ONE.

87.  CREDIT ONE's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report.

88.  CREDIT ONE's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

89.  As a result of CREDIT ONE's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

90.    CREDIT ONE's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

91.    Plaintiff is entitled to recover costs and attorney fees from Defendant CREDIT ONE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against CREDIT ONE:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For punitive damages;

e)    For attorney's fees and costs incurred in this action;

f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 31st day of August, 2017.

/s/ Max Story
MAX STORY, ESQ.
Florida Bar: 0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff