UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECCA S. GIALLELLA,

        **Plaintiff,**               CASE NO:  3:17-cv-01030-BJD-MCR

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC, and
CREDIT ONE BANK, NA.

**Defendants.**

_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CREDIT ONE N.A.'S MOTION TO DISMISS AND COMPEL ARBITRATION

      Credit One asks this Court to require arbitration when there is no contract to do so between the parties. Credit One *allowed* someone who stole Plaintiff Giallella's identity to open an account in her name. Credit One then furnished inaccurate information about her based on the fraudulent account. Ms. Giallella, sued Credit One Bank, N.A., among others, for the damages they have caused her.

      Ms. Giallella is a stranger to the transaction between Credit One and the identity thief. However, despite this, Credit One contends that it can and will compel Ms. Giallella's claims to arbitration because its agreement with the identity thief provides for arbitration.

      There is no agreement between Ms. Giallella and Credit One. Since Credit One cannot show any consensual agreement with Ms. Giallella to arbitrate, Credit One's motion should be denied.

## STATEMENT OF FACTS.

### The Complaint

Ms. Giallella alleged in her complaint:

1. On July 29, 2016, an unknown third party opened a credit account with CREDIT ONE using Plaintiff's name and identity.  The account number for the CREDIT ONE is 444796232374####. Complaint, ¶ 19.

2. Plaintiff did not currently have an account with CREDIT ONE nor had she ever had an account with CREDIT ONE. Complaint, ¶ 22.

### The Declaration

Ms. Giallella's declaration confirms these allegations:

3. Plaintiff did not apply for a credit card with Credit One. Exhibit 1, ¶ 1.

4. Plaintiff does not know who applied for the credit card using her information. Exhibit 1, ¶¶ 2, 9.

5. The application by an unknown third party listed an address of 4905 NW 7TH AVE # 1, MIAMI FL 33127-2305. Exhibit 1, ¶ 3. The statements submitted by Credit One as Exhibit A-4 to its motion also shows that address. Plaintiff did not nor has she ever lived at 4905 NW 7TH AVE # 1, Miami Fl 33127-2305. Exhibit 1, ¶ 4.

6. The phone number listed on the application is not hers. Exhibit 1, ¶¶ 5-6.

7. The e mail address listed on the application is not hers. Exhibit 1, ¶¶ 7-8.

8. Plaintiff never entered into any agreement with Credit One. Exhibit 1, ¶ 10.

The undisputed facts before this court are that there is no contractual relationship between Ms. Giallella and Credit One and there never could have been in this instance.

## MEMORANDUM OF LAW

Under longstanding case law, Credit One cannot compel Plaintiff to arbitration where she has not so agreed and where there was no meeting of the minds sufficient to form the basis of such an agreement. "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

In particular the United States Supreme Court has held that "[a]rbitration is a matter of consent, not coercion." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 681 (2010) (*citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)).

The Eleventh Circuit explained in *Klay v. All Defendants,* 389 F.3d 1191, 1200 (C.A.11 (Fla.),2004):

> The first step is to determine whether the parties agreed to arbitrate the dispute.
>
> \*\*\*
>
> **Because arbitration is a matter of contract, however, the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate.** *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57, 115 S.Ct. 1212, 1216, 131 L.Ed.2d 76 (1995). **In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum.**

Under the Federal Arbitration Act (or FAA), courts apply "ordinary state-law principles" of contract formation to decide whether the parties agreed to arbitrate an issue. *See First Options of Chicago v. Kaplan,* 514 U.S. 938, 944 (1995); *and Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1368 (C.A.11 (Ga.),2005)("state law generally governs whether an enforceable contract or agreement to arbitrate exists").

3

Here, Credit One bears the burden of showing there is an enforceable contract to arbitrate. *See Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016)("no published decision of this Court has cited either case for the proposition that the burden is on the party denying the existence of an arbitration agreement to deny its existence "unequivocally" and substantiate that denial with proof").

Under Florida law, "[i]t is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract..." *Acosta v. District Bd. of Trustees of Miami-Dade Community College*, 905 So.2d 226, 228 (Fla.App. 3 Dist., 2005). In this instance, it is clear here that there was no meeting of the minds and Ms. Giallella was not even *aware* of the identity theft at the time, much less any contract with Credit One. With its Motion, Credit One offers nothing more than the same type of inadmissible speculation offered by Jefferson Capital that was soundly rejected by the Eleventh Circuit and labeled as "woefully inadequate." [1]

While not required, Ms. Giallella unequivocally denies she ever had an agreement with Credit One. See Exhibit 1, ¶ 10. She did not apply for any credit from Credit One.

---

[1] *Compare*, in *Bazemore* the movant's evidence was found to be inadequate since it lacked a sufficient foundation:

"JSC attempted to satisfy this burden by the declaration of Gregory Ryan, an "executive correspondence manager" at Atlanticus. But Mr. Ryan's declaration is **woefully inadequate**. *First*, he states that he "was able to ascertain that Plaintiff had applied for the [credit card] over the internet" and that plaintiff "accepted the    terms governing her account." But Mr. Ryan does not explain how he knows this, nor does he substantiate the claim with documentary proof."

Credit One's affiant does not claim to have ascertained that Ms. Giallella applied for a credit card over the internet. He merely says what he claims was provided to her (Exhibit A, ¶ 7). An attempt to create an inference that Ms. Giallella applied over the internet but no evidence she did. Ms. Giallella's declaration ends any speculation.

*Id.* at ¶ 1. None of the details of the application relied on by Credit One match her own. The address is not hers. *Id.* at ¶ 4. The phone number is not hers. *Id.* at ¶ 6. The e mail is not hers. *Id.* at ¶ 8. Credit One simply ignores that any account it alleges exists was opened by unknown third party identity thief. Exhibit 1, ¶ 2. and Complaint, ¶¶ 19 and 22.

## CONCLUSION

In sum, Defendant Credit One continues to forge ahead for its own benefit without regard to salient facts. Arguably, that is how a fraudulent credit account procured by an identity thief came into being. Credit One has failed to show there is any agreement to arbitrate between it and the Plaintiff. There is nothing to enforce. The motion should be denied.

Respectfully submitted this 20th day of December, 2017.

/s/ Max Story
MAX STORY, ESQ.
Florida Bar: 0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2017, the foregoing was served to Defendant Experian, through email to counsel Michael Maugans, Esquire, at mmaugans@jonesday.com, and to counsel Franklin G. Cosmen, Jr., Esquire, at fcosmen@qpwblaw.com, to Anthony Love, Esquire, at tlove@kslaw.com, and to Jocelyn C. Smith, Esquire, to jsmith@sessions.legal.

/s/ Max Story, Esquire
Florida Bar No. 0527238

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECCA S. GIALLELLA,
    Plaintiff,

CASE NO.:  3:17-cv-1013-BJD-MCR

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC.,
EQUIFAX INFORMATION SERVICES, INC.;
and CREDIT ONE BANK, N.A.
Defendants.

_____/

## DECLARATION OF PLAINTIFF REBECCA S. GIALLELLA

I, REBECCA S. GIALLELLA, hereby declare under oath and under the penalty of perjury that

the following facts are true:

1. I did not apply for a Credit One credit card.

2. On or around July 29, 2016, an unknown third party applied online for a Credit One credit card using my name, social security number, and birth date. *See Exhibit A to this Affidavit.*

3. This application lists an address of 4905 NW 7th Ave #1, Miami, FL 33127.

4. I have never lived at, worked at, nor claimed that as my address at any time.

5. The application lists a phone number of 267-461-5887.

6. I have never had nor claimed that phone number.

7. The application lists an email address of janejoe300@yahoo.com.

8. I have never had nor claimed that email address.

9. I do not know who used my information or identification documents to get money, credit, loans, goods or services from Credit One without my knowledge or authorization.

1

10. I have never signed or entered into any contract or agreement with Credit One at any time.

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Rebecca S. Giallella